IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **TRUSTEES OF THE INDIANA TEAMSTERS HEALTH BENEFITS PLAN**<br><br>and<br><br>**TRUSTEES OF THE INDIANA TEAMSTERS DEFINED CONTRIBUTION FUND**<br><br>and<br><br>**TRUSTEES OF THE INDIANA TEAMSTERS SAFETY TRAINING AND EDUCATIONAL TRUST FUND**<br><br>    Plaintiffs,<br><br>v.<br><br>**A&J RUBBLE-DOO LLC**<br><br>    Defendant. | Case No. 1:25-cv-2028<br><br><br><br>**COMPLAINT** |

**JURISDICTION AND VENUE**

1.     This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

2.     This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

1

3.  Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Plaintiffs' Funds are administered within the territorial jurisdiction of the U.S. District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

4.  The Fund Plaintiffs are trustees of trust funds, which maintain multiemployer retirement and welfare benefit plans within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Funds are administered in Marion County, Indiana.

5.  Defendant, A&J Rubble-Doo LLC ("A&J"), is an Indiana limited-liability company with its principal place of business located in Tippecanoe County, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

6.  The Indiana Teamsters Health Benefits Plan ("Health Plan") was established by an Agreement and Declaration of Trust ("Health Trust") for the purpose of providing healthcare benefits to eligible employees. (Exhibit 1, Health Trust, at p. 3). The Health Plan is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Plan is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

7.  The Health Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Health Plan Board of Trustees is the "plan sponsor" of the Health Plan as defined by 29 U.S.C. § 1002(16)(B)(iii).

8. The Health Plan Board of Trustees is vested with the authority to collect employer contributions due to the Health Plan. (Exhibit 1, Health Trust, Section 3.3, at p. 10).

9. The Indiana Teamsters Defined Contribution Fund ("Defined Contribution Fund") was established by an Agreement and Declaration of Trust ("Defined Contribution Trust") for the sole purpose of providing retirement benefits to certain eligible employees and their beneficiaries. (Exhibit 2, Defined Contribution Trust, Art. II, Sec. 2, at p. 9). The Defined Contribution Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Defined Contribution Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

10. The Defined Contribution Fund Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit 2, Defined Contribution Trust, Art. III, Sec. 3, at pp. 11-12).

11. The Indiana Teamsters Safety Training and Educational Trust Fund ("Safety Fund") was established by an Agreement and Declaration of Trust ("Safety Fund Trust") for the sole purpose of providing retirement benefits to certain eligible employees and their beneficiaries. (Exhibit 3, Safety Fund Trust, Art. II, Sec. 2, at p. 8). The Safety Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(2). The Safety Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

12. The Funds have adopted Collection Policies, governing the collection of contributions and other amounts owed to the Funds. (Exhibits 4, Collection Policy).

13. On November 21, 2022, Defendant, through its Owner, executed Participation Agreements with the Funds. (Exhibits 5a-5c, Participation Agreements).

14. Under the Participation Agreements, A&J expressly agreed to pay contributions to the Health Plan, Defined Contribution Fund, and Safety Fund. (Exhibits 5a-5c, Participation Agreements, at pp. 1-2). Furthermore, A&J bound itself to the terms of the Funds' respective Trust Agreements. *Id*. The required contribution rates are expressed in the respective Participation Agreements. *Id*. Contributions are due by the 15th day following the month in which the work was performed. (Exhibit 4, Collection Policy).

15. According to the Funds' Administrators, the Defendant failed to remit contributions and the required work reports for the month of September 2024 to the Health Plan. Additionally, Defendant has failed to remit contributions and the required work reports for the months of December 2024 forward to the Defined Contribution Fund and the Safety Training Fund. As a result of Defendant's failure to remit the required contributions and work reports, Plaintiffs are unable to ascertain the hours worked by Defendant's employees and the amounts owed to the respective Funds.

16. Despite repeated demands to the Defendant to submit the required work reports and contributions for one or more months from the month of September 2024 forward for the Health Plan, and for the period of December 2024 through present for the Defined Contribution Fund and the Safety Training Fund, the Defendant has refused or otherwise failed to comply with these demands.

17. Further, according to the administrator for the Health Plan, A&J owes late fees or the late payment of contributions for the months of June, July and August of 2024.

## COUNT I
### Failure to Pay Contributions
### ERISA § 515, 29 U.S.C. § 1145

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. At all times, A&J was a party to and agreed to abide by the terms of the Participation Agreements.

20. A&J has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements, at pp. 1 -2).

21. Pursuant to the Participation Agreements, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibit 3, Safety Fund Trust, Art. 3, Sec. 3.5, at p. 9; Exhibit 4, Collection Policy; Exhibits 5a-5c, Participation Agreements, pp. 1-2).

22. The Collection Policy requires Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibit 4, Collection Policy).

23. Defendant has failed to report hours worked by covered employees for the month of September 2024 to the Health Plan, as required by the Participation Agreements, Trust Agreements, and Collection Policy. Additionally, Defendant has failed to report hours worked by covered employees for one or more months during the period of December 2024 forward to the Defined Contribution Fund and the Safety Training Fund, as required by the Participation Agreements, Trust Agreements, and Collection Policy.

24. Despite repeated demands to Defendant to submit work reports and contributions for the aforementioned periods, the Defendant has refused or otherwise failed to comply with these demands.

25. Further, according to the administrator for the Health Plan, A&J owes late fees or the late payment of contributions for the months of June, July and August of 2024.

26. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT II
### Breach of Contract - Failure to Pay Contributions
### LMRA § 301, 29 U.S.C. § 185

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. At all times, A&J was a party to and agreed to abide by the terms of the Participation Agreements.

29. A&J has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements, at pp. 1-2).

30. Pursuant to the Participation Agreements, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibit 3, Safety Fund Trust, Art. 3, Sec. 3.5, at p. 9; Exhibits 5a-5c, Collection Policy; Exhibits 6a-6d, Participation Agreements, pp. 1-2).

31. The Collection Policy requires Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibit 4, Collection Policy).

32. Defendant has failed to report hours worked by covered employees for the month of September 2024 to the Health Plan, as required by the Participation Agreements, Trust Agreements, and Collection Policy. Additionally, Defendant has failed to report hours worked by covered employees for one or more months during the period of December 2024 forward to the Defined Contribution Fund and the Safety Training Fund as required by the Participation Agreements, Trust Agreements, and Collection Policy.

33. Despite repeated demands to Defendant to submit work reports and contributions for the aforementioned periods, the Defendant has refused or otherwise failed to comply with these demands.

34. Further, according to the administrator for the Health Plan, A&J owes late fees or the late payment of contributions for the months of June, July and August of 2024.

35. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT III

**Failure to Pay Liquidated Damages and Interest
ERISA § 515, 29 U.S.C. § 1145**

36. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

37. At all relevant times, Defendant was a party to and agreed to abide by the terms of the Participation Agreements.

38. A&J has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements, at pp. 1-2).

39. Pursuant to the Participation Agreements, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibit 3, Safety Fund Trust, Art. 3, Sec. 3.5, at p. 9; Exhibit 4, Collection Policy; Exhibit 5a-5c, Participation Agreements, pp. 1 -2).

40. The Collection Policy adopted by Plaintiffs requires contributing employers to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibit 4, Collection Policy). If contributions are delinquent, liquidated damages equal to 10% of the delinquent contributions are assessed. *Id.*

41. Defendant has failed to report hours worked by covered employees for the month of September 2024 to the Health Plan, as required by the Participation Agreements, Trust Agreements, and Collection Policy. Additionally, Defendant has failed to report hours worked by covered employees for one or more months during the period of December 2024 forward to the Defined Contribution Fund and the Safety Training Fund as required by the Participation Agreements, Trust Agreements, and Collection Policy. As a result of Defendant's failure to submit the required monthly work reports and contributions, Defendant is liable for liquidated damages for any contributions owed for work performed during those months. The amount of liquidated damages cannot be calculated until the amount of all required contributions is known.

42. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV

### Breach of Contract and Failure to Pay Liquidated Damages, and Interest
### LMRA § 301, 29 U.S.C. § 185

43. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

44. At all relevant times, Defendant was a party to and agreed to abide by the terms of the Participation Agreements.

45. A&J has agreed to be bound by the terms of the Funds' respective Trust Agreements. (Exhibits 5a-5c, Participation Agreements, at pp. 1-2).

46. Pursuant to the Participation Agreements, Trust Agreements, and Collection Policy adopted by the Funds, Defendant is required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 1, Health Trust, Sec. 3.4, at p. 10; Exhibit 2, Defined Contribution Trust, Art. III, Sec. 5, at pp. 12-13; Exhibit 3, Safety Fund Trust, Art. 3, Sec. 3.5, at p. 9; Exhibit 4, Collection Policy; Exhibits 5a-5c, Participation Agreements, pp. 1-2).

47. The Collection Policy adopted by Plaintiffs requires employers to submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. (Exhibit 4, Collection Policy). If contributions are delinquent, liquidated damages equal to 10% of the delinquent contributions are assessed. *Id*.

48. Defendant has failed to report hours worked by covered employees for the month of September 2024 to the Health Plan, as required by the Participation Agreements, Trust Agreements, and Collection Policy. Additionally, Defendant has failed to report hours worked by

covered employees for one or more months during the period of December 2024 forward to the Defined Contribution Fund and the Safety Training Fund as required by the Participation Agreements, Trust Agreements, and Collection Policy. As a result of Defendant's failure to submit the required monthly work reports and contributions, Defendant is liable for liquidated damages for any contributions owed for work performed during those months. The amount of liquidated damages cannot be calculated until the amount of all required contributions is known.

49. Defendant's actions are in breach of the Participation Agreements, Trust Agreements, and Collection Policy, and Plaintiffs, therefore, are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT V

**Order Compelling Payroll Audit**
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)**

50. Plaintiffs reallege each averment set forth as if fully rewritten herein.

51. Despite repeated demands to do so, Defendant has failed to submit the required work reports and contributions.

52. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest for the period of December 2024 forward for the Defined Contribution Fund and the Safety Training Fund.

53. Defendant's refusal to submit to provide the required work reports and contributions is in violation of the Participation Agreements, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions which may be disclosed by an audit, liquidated damages, and interest in an amount to be determined, for the period of September 2024 forward for the Health Plan and also for the period of December 2024 forward for the Defined Contribution Fund, and the Safety Training Fund;

B. Judgment in favor of the Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for covered work performed during the period of September 2024 forward for the Health Plan and also during the period of December 2024 forward for the Defined Contribution Fund, and the Safety Training Fund, in any amounts which may be disclosed by an audit, plus any delinquent contributions for any other month, as disclosed by employer reports or other evidence;

C. Judgment on behalf of the Plaintiffs and against Defendant for late fees associated with Defendant's delinquent payment of contributions for June, July and August 2024 to the Health Plan;

D. Judgment on behalf of the Plaintiffs and against Defendant for accumulated interest and liquidated damages on any delinquent contributions, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

E. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

  F. An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

  G. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

           Respectfully submitted,

           s/ Sawyer Lehman
           Sawyer C. Lehman (35287-49)
           **LEDBETTER PARTNERS LLC**
           429 North Pennsylvania St., Suite 409
           Indianapolis, IN 46204
           937-619-0900
           937-619-0999 (fax)
           slehman@fringebenefitlaw.com
           *Counsel for Plaintiffs*